UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

SANDRA EDELBOIM

        Plaintiff,

- vs -

ROYAL CARIBBEAN CRUISES, LTD.

        Defendant.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, SANDRA EDELBOIM, sues Defendant, ROYAL CARIBBEAN CRUISES, LTD. for damages and alleges:

**PRELIMINARY ALLEGATIONS**

1. Plaintiff, SANDRA EDELBOIM ("Plaintiff"), is a citizen of the United States and a resident of the state of Florida.

2. Defendant, ROYAL CARIBBEAN CRUISES LTD. ("RCCL" or "Defendant") is a Liberian corporation with its principal place of business in Miami, Florida.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. This matter also falls under the admiralty and maritime jurisdiction of this Court

-1-

pursuant to 28 U.S.C. § 1333 because it involves a passenger injury during a cruise excursion while the ship was engaged in maritime commerce.

5. At all material times, Defendant, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and county and had an office or agency in this state and county;

    b. Engaged in substantial activity within this state;

    c. Committed tortious acts in whole or in part in this county and state;

    d. Operated vessels in the waters of this state; and/or

    e. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

6. RCCL is subject to the jurisdiction of the Courts of this state.

7. Venue is proper under 28 U.S.C. § 1391(b)(1) because Defendant is subject to the Court's personal jurisdiction in this District and Plaintiff's cruise ticket requires that suit be brought in this Court against the named Defendant in this action.

8. Plaintiff has complied with all conditions precedent to the filing of this lawsuit, including the timely filing of a Notice of Claim with RCCL.

9. RCCL was engaged in the business of providing to the public, and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel *Freedom of the Seas* (the "Vessel").

10. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

11. At all times material, RCCL owned, operated, managed, maintained and/or controlled the Vessel.

RELIEF LEGAL, PLLC
3113 Stirling Road, Suite 104
Ft. Lauderdale, FL 33312
(954) 228-9275

12. On or about July 3, 2024, Plaintiff was a fare-paying passenger lawfully aboard Defendant's Vessel on navigable waters at Defendant's private island beach on Coco Cay—owned, leased, operated, managed, maintained and/or controlled by Defendant.

13. While patronizing Coco Cay, Plaintiff was walking the pedestrian walkway in the Chill Island section of Coco Cay, an area of CoCo Cay where passengers are invited and expected to be during the cruise, and there was nothing she could have done to prevent the incident.

14. Plaintiff was caused to fall due to the presence of an unreasonably dangerous condition in the pedestrian walkway of the Chill Island section of Coco Cay.

15. Specifically, there was a large hole in the pedestrian walkway.

16. The sand around the outside of the large hole is dark and impacted – evidencing a solid and safe pedestrian walkway, whereas the sand inside the hole is light-colored and loose – evidencing an uneven/non-solid walking surface in the middle of the walkway.

17. The presence of loose sand is evidence that the walkway was either hastily repaired by filling the hole in with dry, loose sand, or allowed to accumulate that dry and loose sand over an inordinate and unreasonable amount of time.

18. As a result of this fall, Plaintiff sustained severe personal injuries, including a fractured base of the left fifth metatarsal bone, the healing of which has been delayed due to the complex nature of the break and the location of the fracture itself.

19. Plaintiff is still undergoing treatment for her injuries – both with a podiatrist and extensive physical therapy, as well as wearing a CAM boot for months.

20. Plaintiff is now also experiencing additional sequelae of her injuries in the form of back pain due to her altered gait.  She is still not back to her pre-fall state of being.

RELIEF LEGAL, PLLC
3113 Stirling Road, Suite 104
Ft. Lauderdale, FL 33312
(954) 228-9275

21. At all material times, Defendant allowed a hazard to exist on Coco Cay, an island used by Defendant exclusively, which it knew or should have known was likely to cause injuries to passengers aboard its Vessel.

## COUNT I – NEGLIGENCE

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-one (21) as though alleged originally herein.

22. At all material times, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

23. On or about July 3, 2024, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances.

24. Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, servants, and/or employees, as follows:

   a. Failure to monitor the condition of the pedestrian walkways to ensure a reasonably safe, even flooring surface so passengers would not be at risk of falling on said walkways;

   b. Failure to adequately and regularly inspect the area where Plaintiff was caused to fall due to the large hole in the pedestrian walkway;

   c. Failure to promulgate and/or enforce adequate policies and procedures to ensure that the pedestrian walkways utilized by passengers are adequately and regularly inspected, monitored, and maintained free of hazardous conditions; and/or

   d. Failure to ascertain the cause of prior similar accidents happening on any of the Defendant's vessels and related island, fleet-wide, so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's incident;

RELIEF LEGAL, PLLC
3113 Stirling Road, Suite 104
Ft. Lauderdale, FL 33312
(954) 228-9275

and

e. Through other acts or omissions constituting a breach of the duty to use reasonable care which will be revealed through discovery.

25. All or some of the above acts and/or omissions caused and/or contributed to the Plaintiff falling into the large sand hole in the pedestrian walkway and causing her injuries.

26. Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

27. Additionally, the aforementioned large hole in the pedestrian walkway was neither open nor obvious to the Plaintiff before she traversed the area, and accordingly, the Defendant owed the Plaintiff the duty to warn of it and/ or to correct it.

28. As a result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, and incurred medical expenses in the care and treatment of injuries. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments and incur medical expenses in the future. In addition, Plaintiff lost the benefit of the vacation, cruise, and transportation costs.

**WHEREFORE**, Plaintiff demands judgment against Defendant RCCL for all damages recoverable under the law and demands a trial by jury.

## COUNT II – NEGLIGENT FAILURE TO MAINTAIN

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-eight (28) as though alleged originally herein.

RELIEF LEGAL, PLLC
3113 Stirling Road, Suite 104
Ft. Lauderdale, FL 33312
(954) 228-9275

29. At all material times, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

30. At all material times, it was the duty of Defendant to maintain the area where Plaintiff was caused to fall in a reasonably safe condition.

31. On or about July 3, 2024, Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

   a. Failure to adequately and regularly inspect and monitor the pedestrian walkways where Plaintiff fell to ensure they were safe for passengers to transit;

   b. Failure to analyze prior similar incidents on Defendant's private island occurring in the same area and/or surfaces so as to remedy such hazardous conditions;

   c. Failure to correct hazardous conditions following other similar incidents in the same area and/or surfaces; and/or

   d. Failure to adequately inspect and/or maintain the subject area in a reasonably safe condition, one that would negate or substantially limit the risks posed to Plaintiff at the time of use.

32. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident and injuries would not have occurred but for Defendant's failure to adequately inspect and maintain the pedestrian walkway in the Chill Island section of Coco Cay where Plaintiff's incident occurred.

33. The subject area where Plaintiff was traversing the pedestrian walkway was unreasonably dangerous in that it was uneven, contained a large hole, and was otherwise unsafe.

34. At all material times, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient

RELIEF LEGAL, PLLC
3113 Stirling Road, Suite 104
Ft. Lauderdale, FL 33312
(954) 228-9275

length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the area where Plaintiff's incident occurred, and/or through prior incidents involving passengers injured due to falls because of uneven surfaces and/or holes on pedestrian walkways.

35. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, and incurred medical expenses in the care and treatment of injuries. The injuries are permanent and continuing in nature, and Plaintiff will suffer losses and impairments in the future. In addition, Plaintiff lost the benefit of the vacation, cruise, and transportation costs.

**WHEREFORE**, Plaintiff demands judgment against Defendant RCCL for all damages recoverable under the law and demands a trial by jury.

**COUNT III – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT**

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through thirty-five (35) as though alleged originally herein.

36. At all material times, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

37. At all material times, it was the duty of Defendant to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit.

38. On or about July 3, 2024, the Plaintiff was traversing the pedestrian walkways in the Chill Island section of CoCo Cay, which is a place that Plaintiff was invited to by Defendant

RELIEF LEGAL, PLLC
3113 Stirling Road, Suite 104
Ft. Lauderdale, FL 33312
(954) 228-9275

and a place Defendant reasonably expected Plaintiff to be during the cruise.

39. On or about July 3, 2024, Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

   a. Failure to warn that the aforementioned pedestrian walkway could become unreasonably hazardous if not maintained; and/or

   a. Failure to warn Plaintiff about the hazardous nature of the area where Plaintiff was transiting, which was known, or should have been known, by Defendant; and/or

   b. Failure to cordon off and/or place warning signs on or around the unreasonably hazardous area where Plaintiff was injured.

40. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have fallen had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

41. At all material times, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.  This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the area and/or through substantially similar incidents.

42. At all material times, the relevant area of the pedestrian walkway on Coco Cay was unreasonably dangerous.

43. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of

RELIEF LEGAL, PLLC
3113 Stirling Road, Suite 104
Ft. Lauderdale, FL 33312
(954) 228-9275

enjoyment of life, and incurred medical expenses in the care and treatment of injuries. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of the vacation, cruise, and transportation costs.

      **WHEREFORE**, Plaintiff demands judgment against Defendant RCCL for all damages recoverable under the law and demands a trial by jury.

                                  RELIEF LEGAL, PLLC
                                  Attorneys for the Plaintiff

Dated: June 17, 2025                */s/ David Drescher*
                                  David A. Drescher, Esq.
                                  Florida Bar No. 1005566
                                  **RELIEF LEGAL, PLLC**
                                  3113 Stirling Road, Suite 104
                                  Ft. Lauderdale, FL 33312
                                  P: (954) 228-9275
                                  F: 954-228-9032
                                  david@relieflegal.com
                                  ilana@relieflegal.com